UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:                                              Chapter 13
Dalene M. Korbitz
Timothy Joseph Korbitz,              Bankruptcy No. 10-03082 S
    Debtors.

MEMORANDUM DECISION:
CONFIRMATION OF MODIFIED PLAN

    Debtors Dalene and Timothy Korbitz seek confirmation of their modified chapter 13 plan filed January 19, 2011 (doc. 35). Hearing on confirmation was held February 15, 2011 in Sioux City. Wil L. Forker appeared as attorney for debtors; Carol F. Dunbar appeared as standing trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). At the close of the hearing, the court took the matter of confirmation under advisement and gave the parties the opportunity to file briefs on issues raised by the court. Debtors and trustee have filed briefs. The court now issues its decision as to confirmation of the proposed modified plan.

<u>Findings of Fact</u>

    Debtors filed their joint chapter 13 petition on November 12, 2010 (doc. 1). They filed a modified plan on January 19, 2011. The plan proposes to pay to the trustee $40,358.36 during the 60-month commitment period (doc. 35). From that amount the trustee will pay administrative claims, which include her fees and debtors' attorney fees.

    The modified plan provides for the treatment of the secured claims of three creditors. It provides for payment by the debtors of a claim held by Ford Motor Credit Co., secured by debtors' 2004 motor vehicle. Second, it provides for surrender of a 2009 motorcycle to lienholder Harley-Davidson Credit.

    As to the third, the plan provides for direct payments by debtors to Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), the creditor holding a mortgage against real property which is the debtors' homestead. The plan states that debtors are not in arrears on any payments to Wells Fargo, and it provides that the mortgage will be paid as a long-term debt pursuant to 11 U.S.C. § 1322(b)(5), excepted from discharge pursuant to 11 U.S.C. § 1328(a)(1) (Modified Plan, doc. 35, ¶ 4(b)).

Debtors treat Wells Fargo's claim as fully secured. On December 30, 2010, Wells Fargo filed a proof of claim (claim no. 10) asserting that as of the date of the bankruptcy petition, it was owed $79,358.12, and it bifurcated its claim into a secured claim of $55,000.00 and an unsecured claim of $24,358.12. The bifurcation was based on its estimate of value of the real estate.

Debtors' plan does not provide for payments by the trustee to any of the creditors having claims secured by property of the debtors or the estate. Therefore after the payment of administrative claims, the trustee would distribute, during the commitment period, nearly $40,000.00 to holders of unsecured claims. Not including any unsecured claim held by Wells Fargo, as of the date of this decision, unsecured claims have been filed in total amount of $56,207.82. The claims deadline was March 7, 2011, so that no other unsecured claims would be allowed.

Wells Fargo received notice of debtors' modified plan and a copy of the plan (doc. 36). The deadline for objecting was February 9, 2011. Wells Fargo did not object to the modified plan. Also it did not file a motion to value its collateral real estate under 11 U.S.C. § 506(a) and Fed.R.Bankr.P. 3012.

Debtors also did not file such a motion, but in their plan they treated the claim of Wells Fargo as fully secured, and made no attempt to impermissibly modify the claim under 11 U.S.C. § 1322(b)(2).

## Conclusions of Law and Discussion

At the hearing, the court raised the issue of whether the plan or Wells Fargo's proof of claim took precedence as to the value of its secured claim and the existence of any unsecured claim. I conclude that the plan controls.

"A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). The proof of claim form (Official Form 10), in its section 4 relating to secured claims, allows space for the creditor to value the property securing the claim. The form also provides space for the creditor to state the amount of the secured claim and the amount of the unsecured claim. One court has observed:

> Nothing in the Bankruptcy Code or Rules gives any evidentiary effect whatsoever to a secured creditor's asserted value of collateral . . . . A secured creditor who files a claim has a correct and lawful expectation that the validity and the amount of its nonbifurcated claim, absent

> objection, is proven and binding upon the debtor, the trustee, and other creditors. However, it is a misconception for such a creditor to expect that filing a claim establishes the merit and sufficiency of an asserted value of collateral . . . . To determine an "allowed secured claim" under § 506(a), something more is required other than the mere filing of a claim. For example, a formal valuation hearing, the acceptance of a chapter 13 plan treatment, the filing of a stipulation as to value, the determination of value at a confirmation hearing, the approval of a sale of the collateral, or the resolution of a priority dispute between two secured creditors with an interest in the same collateral, is required.

In re Hudson, 260 B.R. 421, 431& n.18 (Bankr. W.D. Mich. 2001) (footnote omitted).

The debtor may establish the value of the secured creditor's collateral as part of the plan confirmation process. See 11 U.S.C. § 1325(a)(5)(B). "[S]ince valuation of a secured claim is properly determined through the plan confirmation process, the binding effect of the confirmed plan pursuant to Section 1327(a) should preclude any subsequent consideration or different disposition of the valuation issue." In re Duggins, 263 B.R. 233, 237-38 (Bankr. C.D. Ill. 2001).

Wells Fargo did not object to debtors' plan treatment of Wells Fargo's claim as fully secured by the mortgage on debtors' home. Moreover, debtors were prohibited from bifurcating Wells Fargo's claim by 11 U.S.C. § 1322(b)(2) or in any other way modifying the rights under its claim. Nobelman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993).

There are no objections to the modified plan. It meets the requirements of 11 U.S.C. §§ 1322(a) and 1325(a). As confirmed, it governs the allowed amount of the secured claim of Wells Fargo Home Mortgage, Inc. Pursuant to the modified plan, Wells Fargo Home Mortgage, Inc. shall not receive distribution from the trustee on account of any unsecured claim.

IT IS ORDERED that the trustee shall submit a proposed order of confirmation of the modified plan.

Dated and Entered: March 31, 2011

William L. Edmonds, Bankruptcy Judge